UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21178-CIV-SCOLA

MIGUEL J. LARACH and
GREAT AMERICAN CORP.,

    Plaintiffs,

vs.

STANDARD CHARTERED BANK
INTERNATIONAL (AMERICAS) LTD
and STANCHART SECURITIES
INTERNATIONAL, INC.,

    Defendants.
_____ /

**ORDER DENYING DEFENDANTS' RENEWED MOTION
UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

    THIS MATTER is before the Court upon the Renewed Federal Rule of Civil Procedure 54(b) Motion [ECF No. 192], filed by Defendants Standard Chartered Bank International (Americas) Ltd. and StanChart Securities International, Inc. The Defendants seek entry of final judgment on Counts IV and V of the Counterclaim and Counts II through VIII of the Second Amended Complaint, as those counts relate to Inlaza. For the reasons explained below, this Motion is denied.

## Introduction

    On September 15, 2011, the predecessor district judge adopted the magistrate judge's recommendation that summary judgment be entered in favor of Defendants on Counts IV and V of the Counterclaim and Counts II through VIII of the Second Amended Complaint, as to Inlaza. Soon thereafter, on November 14, 2011, Defendants moved under Federal Rule of Civil Procedure 54(b) for entry of final judgment on those counts. On November 28, 2011, however, the predecessor trial judge denied the motion without prejudice to renew before this Court upon transfer.

    Now, some ten months later, the Defendants have renewed their request under Rule 54(b), arguing that final judgment should be entered forthwith because "the Inlaza claims are separate and distinct from the remaining claims," and entry of final judgment will enable

Defendants "to begin the collection process[.]" Mot. at 6. According to Defendants, "the current instability of the financial and securities markets makes timely collection of this debt imperative and any further delay could cause a potential loss of recovery on the Inlaza claims, especially since the value of the assets in [Great American Corporation's] investment portfolio . . . has steadily declined since April of 2011, through the present." *Id.* Plaintiffs agree that the summary judgment order was "final" for purposes of Rule 54(b), but disagree that Defendants have shown there is "no just reason for delay," as required by *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980). Resp. at 2.

## **Legal Standards**

To obtain certification under Rule 54(b),[1] there must be (1) a final judgment disposing of at least one party or claim, and (2) an express "no just reason for delay" determination by the district court. *See Curtiss-Wright Corp.*, 446 U.S. at 7-8. "The Rule provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). "The purpose of Rule 54(b) is to codify the historic practice of 'prohibit[ing] piecemeal disposition of litigation and permitting appeals only from final judgments,' except in the 'infrequent harsh case' in which the district court properly makes the determinations contemplated by the rule." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995).

The determination as to whether there is "no just reason for delay" rests in the district court's sound discretion. *See Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 778 n.5 (11th Cir. 2007); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956). Yet, the Eleventh Circuit has admonished that Rule 54(b) certifications should be "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *See Ebrahimi*, 114 F.3d at 166 (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.)). Because "such circumstances will be encountered only rarely," the district court must "exercise the limited discretion afforded by Rule 54(b) conservatively." *See Ebrahimi*, 114 F.3d at 166.

---

[1] In relevant part, Federal Rule of Civil Procedure 54(b) provides that when a case involves multiple claims for relief or multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

**Legal Analysis**

As the parties do not dispute the "finality" of the summary judgment order for purposes of Rule 54(b), the sole determination for this Court is whether there is "no just reason for delay." This determination requires the Court to balance (1) judicial administrative interests and (2) the equities involved in certifying a claim for appeal. *See Curtiss-Wright Corp.*, 446 U.S. at 8.

This is a 2009 case. Defendants' first Rule 54(b) motion was denied without prejudice by the predecessor judge in November 2011, yet they waited another ten months to re-file it, less than two months before trial. Under such circumstances, it is a hard argument to say that there is some urgency now. The sole reason given is that collection efforts may be impeded because assets are depreciating. But, by Defendants' own admission, such depreciation allegedly began in April 2011. They fail to explain why, if this was such a concern, they waited an additional ten months to renew their motion. Thus, the equities do not appear to lie with Defendants. *See Ebrahimi*, 114 F.3d at 166, 168 ("equities" factor limits Rule 54(b) certification "to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay," and here, "[t]he parties advance no reason why [the court] should depart from the federally preferred practice of postponing appeal until after a final judgment has been entered").

In addition, as Plaintiffs point out, the interests of judicial and litigant economy counsel against certifying a final judgment until after the upcoming trial, so as to avoid multiple and piecemeal appeals. *See Lloyd Noland Found.*, 483 F.3d at 778 (Rule 54(b) requires the district court to consider "judicial administrative interests," including "the historic federal policy against piecemeal appeals"); *Ebrahimi*, 114 F.3d at 167 ("federal concept of sound judicial administration and efficiency will not normally be furthered by 'hav[ing] piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case'").

Little good would come from Rule 54(b) certification at this point in the litigation, with trial so near in time. *See, e.g.*, *Canadyne-Georgia Corp. v. Bank of Am.*, 2001 WL 1571002, at *2 (M.D. Ga. Dec. 5, 2001) (Fitzpatrick, J.) ("In light of this relatively imminent trial date, the Court finds that Defendant . . . has not demonstrated a pressing need for certification and that delaying the entry of final judgment for Defendant . . . for such a short period of time will not create a hardship or injustice for it."); *see also Smith v. Enrique*, 2008 WL 2635544, at *1 (S.D. Fla. July 3, 2008) (Cohn, J.) (denying Rule 54(b) motion in view of upcoming trial because "the remaining claims should continue to conclusion, at which point the Court will enter final judgment, and the parties may then appeal whatever final rulings are made").

## **Conclusion**

For the reasons explained herein, the Defendants are not entitled to certification under Rule 54(b).  Accordingly, it is hereby **ORDERED and ADJUDGED** that the Defendants' Renewed Rule 54(b) Motion [ECF No. 192] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida on September 18, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of Record*